RICHARD F. HOWE, as Executor of the Estate of James Deering, Deceased, v. EMILY MACDONALD, as Executrix of the Estate of Andrew MacDonald, Deceased, and MARSHALL CHARLES.

194 So. 802

En Banc

Opinion Filed February 20, 1940

Rehearing Denied April 2, 1940

*Hudson & Cason, Knight, Adair, Cooper & Osborne,* for Appellant;

*W. Ross Burton* and *Leland Hyzer,* for Appellees.

CHAPMAN, J.—The record shows that Andrew Mac-Donald entered the employ of James Deering on August 21, 1914, and continued therein until October 15, 1915, and was re-employed on November 12, 1918, and worked continuously thereafter for James Deering until his death, September 21, 1925. Andrew MacDonald, shortly after his re-employment in 1918, was made foreman of the greenhouse, receiving $90.00 per month, and his wages were gradually raised until in June, 1925, he was receiving $150.00 per month. He furnished his own clothing and did not reside on the Deering estate. His hours of employment at the Deering estate were from 7:00 A. M. until 4:30 P. M. for five days per week and until noon on each Saturday. He worked as a gardener about the greenhouse and planted, watered and pruned the flowers and shrubs about the place.

Marshall Charles was in the continuous employ of James Deering from March 9, 1923, until the death of Mr. Deering on September 21, 1925. He worked in the garden on the Deering estate propagating and producing flowers, but was assigned the duty as a truck driver and acted generally as a "handy man" about the place. He worked at the cow shed and on one occasion fought fire and received extra compensation therefor.

The question for a decision here is whether or not Andrew MacDonald and Marshall Charles were servants and entitled to bequests under the will of the late James Deering and paragraph 5 thereof, viz.:

"FIFTH: I give and bequeath to each servant in my

employ at the time of my death the sum of One Hundred Dollars ($100.00). To each of said servants who has been in my continuous employ for two (2) years prior to my death I give and bequeath an additional Three Hundred Dollars ($300.00) ; to each of said servants who has been in my continuous employ for more than two (2) years prior to my death I give and bequeath an additional Three Hundred Dollars ($300.00) for each year's continuous service beyond said two (2) years. To the Executors hereof I give the exclusive right to determine who are my servants at the time of my death, also the number of years' service they have respectively served and the amount of the bequests to which they are severally entitled."

This Court, in the case of Richard Howe, Executor, v. Samuel Sands, *et al.,* a companion case involving the identical question presented in the case at bar, held that the provision of paragraph 5, viz.: "To the executors hereof I give the exclusive right to determine who are my servants at the time of my death, also the number of years of service they have respectively served and the amount of the bequest to which they are severally entitled," gave the exclusive power to the executors to determine: (a) who were the servants of Mr. Deering at the time of his death; (b) the number of years of service of each servant; (c) the amount of the bequest to which each was entitled; and that the findings of the executor under this provision of the will were binding and conclusive in the absence of a showing that the executor acted in bad faith or through fraud, or that his conclusions were arbitrary.

In the case of Boyle v. Howe, 126 Fla. 662, 171 So. 667, this Court in general terms defined a servant as any person who works for another for a salary—also, a servant is one who is retained, hired or employed in the business of

another; one who, when required, assists in the domestic labors of the house, though principally employed in aiding the intestate in a market which he kept is a servant. While no criticism or fault can be found or made of the definitions of a servant employed by this Court in Boyle v. Howe, *supra,* the fact remains, and it is logical to hold, that these several definitions of a "servant" do not mean that all persons in the employ of James Deering on September 21, 1925, at his estate at Miami were servants within the meaning of paragraph 5 of the will. The court properly held on the facts presented in the record that William J. Boyle, Eli Pelchat and Sarah Bethel were each servants of James Deering at the time of his death and were severally entitled to the awards provided by paragraph 5.

The record discloses that the executor, in the exercise of the powers conferred by paragraph 5 of the will, determined that Andrew MacDonald and Marshall Charles were not servants within the provisions of paragraph 5 and severally not entitled to the bequests therein provided. It has not been shown on this record that the executor exercised the powers conferred by the will in bad faith or that his conclusions thereunder were fraudulent or arbitrary. It is necessary for a recovery in this case that the appellees here bring themselves within the rule this day enunciated in the case of Howe, Executor, v. Sands, *et al., supra,* or one of the exceptions thereto.

For the errors pointed out the decree appealed from is hereby reversed for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

TERRELL, C. J., and WHITFIELD, P. J., concur.

BROWN, J., concurs in conclusion.

BUFORD and THOMAS, J. J., dissent.